UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DEVIN ENGLISH,<br><br>                    Plaintiff,<br><br>v.<br><br>JEFFREY T. PARSONS-HIETIKKO; CHRIS HIETIKKO-PARSONS; MINDFUL DESIGNS; RESEARCH FOUNDATION OF THE CITY UNIVERSITY OF NEW YORK; BRIAN MUSTANKSI; JARRET THOMPSON; JARRET THOMPSON CONSULTING; SYLVIE NAAR,<br><br>                    Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>                  Plaintiff-Intervenor,<br><br>v.<br><br>JEFFREY T. PARSONS-HIETIKKO and HUNTER COLLEGE,<br><br>                  Defendants. | No. 19-cv-7705 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

On August 16, 2019, Relator Devin English filed this *qui tam* action under seal, alleging the misappropriation of funding allocated by the National Institutes of Health in violation of the False Claims Act. On January 3, 2023, the United States (the "Government") notified the Court that it intended to intervene against Defendant Jeffrey T. Hietikko-Parsons and name Hunter College as a defendant, and that it had reached settlements with both. On the same day, English moved to voluntarily dismiss his Complaint (the "Complaint") against Defendants Chris Hietikko-

Parsons, Mindful Designs, Research Foundation of the City University of New York, Brian Mustanski, Jarret Thompson, Jarret Thompson Consulting, and Sylvie Naar. As is relevant here, English also requested that the Court—on the day the sealing of this matter was set to expire—publish only redacted versions of the documents in this action, excluding the names of Defendants Mustanski, Thompson, Jarret Thompson Consulting, and Naar (the "Four Defendants")—against whom English now seeks to dismiss this case—together with all identifying information about them. Specifically, English requested that the Court redact:

> (1) the names of the Four Defendants in Relator's Complaint, and information in the substantive allegations that makes the Four Defendants identifiable;
> (2) the Four Defendants' names in the notice of voluntary dismissal and the Government's Notice of Election to Partially Intervene, as well as their names in the settlement agreements between the Government and Jeffrey Parsons, and the Government and Hunter College;
> (3) the names of the Four Defendants from the case caption.

On January 5, 2023, the Court directed English to file a letter providing further support for his request to redact references to the Four Defendants, and ordered that the case would remain under seal pending the Court's determination of English's redaction request. For the following reasons, English's request is denied.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (internal citation omitted). The public's "access to the proceedings and documents of courts is integral to our system of government" and "it is essential that the people themselves have the ability to learn of, monitor, and respond to the actions of their representatives and their representative institutions." *United States v. Erie Cty., N.Y.*, 763 F. 3d 235, 238-39 (2d Cir. 2014). In light of these considerations, the Court of Appeals

for the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119-20. *First*, the court must determine whether the documents at issue are judicial documents. *Id*. *Second*, it must assess the weight of the presumption of public access that attaches to those documents. *Id*. *Third*, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. at 120 (internal quotation marks omitted). While judicial documents may still be sealed or redacted when doing so is necessary "to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120, the mere possibility of future adverse impact on a party's reputation is not "sufficient to overcome the presumption of access to judicial documents." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) (denying motion to seal pleadings and motion-related filings).

English seeks to redact, among other items, the Complaint, which, as "the very architecture of the lawsuit," is plainly a judicial document and "a significant matter of record." *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (classifying "pleadings in civil litigation (other than discovery motions and accompanying exhibits)" as judicial documents). Contrary to English's assertion, the fact that the Complaint was not subject to adjudication and may be voluntarily dismissed does not diminish its status as a judicial document. *United States v. UCB, Inc.*, No. 14-CV-2218 (TPG), 2017 WL 838198, at *2 (S.D.N.Y. Mar. 3, 2017); *see also United States ex rel. SFN Partners, LLC v. Post Acute Partners, LLC*, No. 20-CV-8262 (JPC), 2022 WL 1171294, at *2 (S.D.N.Y. Apr. 20, 2022); *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) ("Voluntary dismissals of FCA actions do not render the allegations any less relevant to the taxpaying public."). Moreover,

as English acknowledges, the information that he seeks to redact in the Complaint includes contextual information and substantive allegations regarding the Four Defendants. English's proposed redactions would conceal not only the names of the individuals, but their alleged actions—allegations that are, by their nature, of interest to the public, and could shed light, among other things, on the Government's decision to pursue claims against certain FCA defendants and not others. *See, e.g., United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (denying motion to seal or redact and concluding that "the fact that the Relator … is abandoning the litigation does not lessen or change the public's interest in hearing allegations that the Government was defrauded"); *U.S. ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 172 (D.D.C. 2008) (recognizing a "generalized need[] for public access" in FCA cases where "the taxpaying public are, in effect, real parties in interest").

English argues that there are considerable countervailing interests that weigh in favor of redaction. As an assistant professor at the Rutgers University School of Public Health, English claims that redacting the Complaint is necessary to protect against the possibility of professional retaliation. He asserts that Defendants Sylvia Naar and Brian Mustanski (who is married to Jarret Thompson) are "luminaries" in his field, and that they wield influence over grant funding upon which he relies, as well as opportunities for collaboration in invitations to professional conferences. But the fear of the loss of professional opportunities is not a sufficient basis to justify the kind of redaction that English seeks here. *See Nago v. Bloomberg L.P.*, No. 19-CV-11483 (GBD) (OTW), 2021 WL 1718949, at *2 (S.D.N.Y. Apr. 30, 2021) ("social embarrassment and concerns regarding future employment" were "legally insufficient" reasons to seal case even after it had been settled and voluntarily dismissed); *Alexandria Real Estate Equities, Inc. v. Fair*, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011) (finding that the possibility of future adverse impact

on plaintiff's employment was not sufficient to outweigh the presumption of access). Nor does any potential embarrassment to the Four Defendants themselves arising out of the allegations in the Complaint outweigh the importance of access to the judicial record in this case. *General Media, Inc. v. Shooker*, No. 97-CV-510, 1998 WL 401530, at *12 (S.D.N.Y. July 16, 1998) (denying defendant's motion to seal on the grounds that the "public interest in access to the courts … far outweigh[ed]" the "prospect of [negative] publicity" to the defendant).

In support of his motion, English relies on *[Redacted text] v. Consumer Fin. Prot. Bureau*, No. 15-CV-1177 (RDM), 2015 WL 6317031 (D.D.C. Oct. 16, 2015). In that case, the plaintiffs were already subject to a nonpublic investigation by the Consumer Financial Protection Bureau ("CFPB") and sought a temporary restraining order—accompanied by a motion to seal—to permit their counsel to attend a hearing in connection with the CFPB's proceeding against them. The court permitted the plaintiffs to redact their names on the docket, concluding that they demonstrated a "significant privacy interest in maintaining the confidentiality of the CFPB's investigation" against them. *Id.* at *4. Here, by contrast, English is not the subject of a federal investigation, nor did he commence this action for the purpose of protecting his procedural rights in an ongoing proceeding; rather, in initiating this *qui tam* action, English presumably undertook a "cost-benefit analysis when choosing whether to file [this] case in federal court," risking the possibility of negative attention in the interest of "positive attention and recovery of damages." *United States ex rel. Love v. Teach for Am., Inc.*, No. 17-CV-2062 (KBF), 2018 WL 1156103, at *1 (S.D.N.Y. Feb. 21, 2018). When English sued, he "knew or should have known the risk that the action could be unsealed." *United States ex rel. SFN Partners, LLC v. Post Acute Partners, LLC*, No. 20-CV-8262 (JPC), 2022 WL 1171294, at *2 (S.D.N.Y. Apr. 20, 2022). While the Court appreciates English's intention to donate the money he receives in this action to non-profit causes, that does not diminish

the presumption of public access, nor does it obviate the calculated risk that English took when filing the Complaint.

## CONCLUSION

Accordingly, English's request to redact the Complaint is denied, and his request as to the other documents is denied as moot. This matter will be unsealed pursuant to a separate order.

SO ORDERED.

Dated:   January 27, 2023
         New York, New York

Ronnie Abrams
United States District Judge