UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DEVIN ENGLISH,<br><br>       Plaintiff,<br><br> -against-<br><br>JEFFREY T. PARSONS-HIETIKKO; CHRIS HIETIKKO-PARSONS; MINDFUL DESIGNS; RESEARCH FOUNDATION OF THE CITY UNIVERSITY OF NEW YORK; BRIAN MUSTANKSI; JARRET THOMPSON; JARRET THOMPSON CONSULTING; SYLVIE NAAR,<br><br>       Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>       Plaintiff-Intervenor,<br><br> -against-<br><br>JEFFREY T. PARSONS-HIETIKKO and HUNTER COLLEGE,<br><br>       Defendants. | 19 Civ. 7705 (RA) |

  WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, and relator Devin English ("Relator" and, together with the United States, the "Parties"), through his counsel;

  WHEREAS, on or about August 16, 2019, Relator filed a complaint (the "Relator Action") in the above-captioned action in the United States District Court for the Southern District of New

York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that Defendants Jeffrey T. Parsons-Hietikko ("Parsons"), Chris Hietikko-Parsons ("Hietikko"), Mindful Designs, the Research Foundation of the City University of New York ("RFCUNY"), Brian Mustanski, Jarret Thompson, Jarret Thompson Consulting, and Sylvie Naar (collectively, "Relator's Defendants") violated the FCA when, in contradiction of certifications RFCUNY made to support Hunter College ("Hunter") and Parsons' receipt of grant funding from the National Institutes of Health ("NIH"), Relator's Defendants: (1) contracted with Mindful Designs, a graphic design company owned by Parsons and Hietikko, to do hundreds of thousands of dollars of NIH-funded work for CHEST, while concealing Parsons' ownership interest; (2) invoiced their NIH grants for excessive fees incurred by Mindful Designs for work that was either unnecessary and/or not performed; (3) fraudulently invoiced labor so that NIH funds were expended for work that was not performed on NIH grants; and (4) incurred fraudulent, unnecessary, and extravagant expenses that Parsons charged to NIH grants;

WHEREAS, on or about January 3, 2023, the United States filed a complaint-in-intervention (the "Government Complaint"), asserting claims against defendants Parsons and Hunter College (together, "Defendants") for (1) as to Parsons and Hunter, submitting false timekeeping records that overstated the work Parsons' staff performed on CHEST's projects funded by NIH grants (the CHEST NIH Grant Projects"), resulting in the receipt of reimbursement from NIH for work done on outside projects other than the CHEST NIH Grant Projects; (2) as to Hunter, paying Parsons an undisclosed retention bonus with NIH funds that were instead intended to reimburse Hunter for the facilities and administrative costs associated with NIH grants; (3) as to Parsons, fraudulently seeking and receiving duplicative reimbursement from NIH funds for

expenses in connection with work that Parsons performed as a consultant for other academic institutions; and (4) as to Parsons, improperly invoicing personal expenses to NIH funds (the "Covered Conduct");

WHEREAS, on or about December 19, 2022, the United States, Defendant, and Relator entered into a Stipulation of Settlement and Dismissal with Parsons (the "Parsons Settlement Agreement"), and a Stipulation of Settlement and Dismissal with Hunter College (the "Hunter Settlement Agreement") (together, the "Settlement Agreements");

WHEREAS, pursuant to Paragraph 3 of the Parsons Settlement Agreement and Paragraph 3 of the Hunter Settlement Agreement, Defendants agreed to pay the United States $375,000 and $200,000, respectively, plus interest which shall be compounded annually at a rate of 2.8% accruing from December 5, 2022, to the date of payment (all together, the "Settlement Amount"), to resolve the claims of the United States for the Covered Conduct;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"), which Relator has voluntarily decided to donate to three non-profit organizations dedicated to improving the well-being and health equity of marginalized and under-resourced Black, LatinX and LGBTQ+ communities;

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Parsons Settlement Agreement and Paragraph 3 of the Hunter Settlement Agreement, the United States will pay Relator, c/o Kaplan Hecker & Fink LLP, as attorneys for Relator ("Relator's Counsel"), twenty-one percent (21%) of the payment of the Settlement Amount received from Defendants ($120,750) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to the Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Defendants required by the Settlement Agreements. In the event that either Defendant fails to make the payment required by either the Parsons Settlement Agreement or the Hunter Settlement Agreement, the United States shall have no obligation to make any payment to the Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreements, including but not limited to the Settlement Amount or any component of the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreements pursuant to 31 U.S.C. § 3730 or other applicable law, and from any

and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreements or any claim in the Relator's Action or the Government Complaint.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall

constitute an original and all of which shall constitute one and the same agreement.

Dated: January 12, 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____
JESSICA JEAN HU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:   (212) 637- 2726

7

Dated: January 12, 2023                KAPLAN HECKER & FINK LLP

                                       By: _____
                                           JENNA M. DABBS
                                           ALEXANDRA CONLON
                                           350 Fifth Avenue, 63rd Floor
                                           New York, NY 10118
                                           Tel.:   (929) 294-2544/2540

                                       *Attorney for the Relator*

Dated: January 12, 2023

                                       _____
                                       DEVIN ENGLISH
                                       *Relator*

SO ORDERED

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

Dated: January __30__, 2023